UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOHN W. FLOYD,**<br><br>                              Plaintiff,<br>-vs-<br><br>**FORSTER & GARBUS, LLP and LVNV FUNDING, LLC,**<br><br>                              Defendants. | *Civil Action No.* _____ |

**COMPLAINT & DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. Plaintiff Floyd brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

**JURISDICTION & VENUE**

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

**PARTIES**

4. Plaintiff John Floyd is a natural person residing in the County of Monroe, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant LVNV Funding, LLC, (hereinafter "LVNV Funding") is a foreign limited liability company organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Forster & Garbus, LLP, (hereinafter "Forster") is a domestic registered limited liability partnership organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

1

7. The acts of the Defendants, and each of them, alleged hereinafter were performed by their respective employees while acting within the scope of their actual or apparent authority.
8. That all acts of Defendant Forster alleged herein were performed within the scope of their employment, agency or contract with Defendant LVNV Funding.
9. Any and all references to a "Defendant" herein shall include the specified Defendant and/or an employee of said Defendant.

**FACTUAL ALLEGATIONS**

10. That Plaintiff John Floyd incurred and later defaulted on a debt to Sears.
11. The aforementioned debt was a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.
12. That following Plaintiff Floyd's default, he negotiated a settlement for the balance owed and was given confirmation that his obligation to pay the debt had been satisfied in full.
13. That despite the fact that Plaintiff Floyd satisfied his obligation to pay the subject debt, it is believed that the portion of the debt that was to be erased in exchange for his settlement payment, was sold, transferred or assigned to LVNV Funding. Said portion of the debt, which should have been erased, will hereinafter be referred to as "the subject debt."
14. That upon information and belief, LVNV Funding thereafter employed Defendant Forster was in order to collect the subject debt.
15. That shortly thereafter, Defendant Forster began calling Plaintiff multiple times per week in an attempt to collect the subject debt.
16. That despite Plaintiff's repeated efforts to explain to Defendant that he had already negotiated a settlement for, and ultimately satisfied his obligation to pay, the subject debt, Defendant Forster continued to call on a repeated and continuous basis.
17. That Defendant Forster ultimately filed a lawsuit against Plaintiff Floyd on behalf of Defendant LVNV Funding in Rochester City Court in an attempt to collect the subject debt.
18. That upon being served with a summons in the aforementioned case on or about June 5, 2010, Plaintiff Floyd called and spoke with Defendant by telephone. During said telephone conversation, Plaintiff again explained that he had already settled, and paid for, the subject debt and requested that Defendant refrain from proceeding with the litigation. Defendant Forster refused to do so however, insisting that Plaintiff Floyd was lying about the subject

2

debt, repeatedly demanded payment and even threatened that if payment were not made, Defendant would "garnish [his] wages."

19. That despite Defendant's aforementioned representation, they lacked the intent and authority to garnish Plaintiff's wages and only did so to try and coerce payment of a debt that Plaintiff disputes owing.

20. That as a result of Defendant's harassing, unfair and deceptive conduct, Plaintiff Floyd became very worried, upset, suffered from emotional distress and was forced to retain an attorney to defend the lower court case, thereby incurring out of pocket expenses.

## CAUSE OF ACTION

21. The aforementioned acts and omissions of the Defendants have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

22. Defendants violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(2) and 15 U.S.C. §1692f by using language the natural consequence of which was to abuse Plaintiff Floyd, by insisting that he was lying, repeatedly demanding payment and by threatening to garnish his wages.

23. Defendants violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly and continuously causing Plaintiff's telephone to ring with the intent to annoy, abuse and harass.

24. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10) and 15 U.S.C. §1692f by using false, misleading and/or deceptive means/representations in an attempt to collect the subject debt by falsely leading Plaintiff to believe that Defendant had the authority and ability to garnish his wages.

25. Defendants violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by attempting to collect a debt that they were not authorized by agreement or by law to collect.

26. That Defendant LVNV Funding is vicariously liable for the acts of Defendant Forster described herein pursuant to the laws of agency, contract and/or respondeat superior.

27. Because of the Defendant's various aforementioned violations of the FDCPA, Plaintiff Floyd suffered from emotional distress and incurred out of pocket expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Floyd respectfully requests that this honorable Court enter judgment against each of the Defendants for:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

(b) Statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);

3

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); *and*

(d) For any and all additional relief as this honorable Court may deem just and proper.

## **JURY DEMAND**

Please take notice that Plaintiff demands a trial by jury in this action.

Date: May 27, 2010

/s/Frank J. Borgese
Frank J. Borgese, Esq.
Graham Law, P.C.
*Attorneys for the Plaintiff*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
fborgese@grahamlawpc.com
716.200.1520